Lott *v.* Wilson.

A deed made jointly to husband and wife in October, 1867, by the administrator of the wife's deceased father, operated, *prima facie,* to invest each of the grantees with an undivided half-interest in

the land conveyed; and in order for the wife to assert exclusive ownership of the whole, by reason of her having acquired the property by descent, it is necessary for her to show that her father died after December 13, 1866. If he died before that time intestate, the husband was entitled to take her share of the real estate, by virtue of his marital rights; and the acceptance of the administrator's deed, afterwards made, was, in effect, the assertion of his marital rights as to one half and the relinquishment to her of the other half of the land covered by the deed. In the present case, as it did not appear when the father died, the deed is the controlling evidence as to the state of the title.

October 22, 1894.

Levy and claim. Before Judge SWEAT. Ware superior court. April term, 1894.

HITCH & MYERS, for plaintiff.

LEON A. WILSON, for claimant.

LUMPKIN, Justice.

This was a claim case. The plaintiff's execution was based on a judgment dated June 18, 1892. It was levied on a lot of land, August 31, 1893, and it appeared from the sheriff's entry that Wilson, the defendant in execution, was in possession at the time of the levy. This made a *prima facie* case for the plaintiff in execution. Mrs. Wilson, the claimant, introduced a deed from the administrator of her deceased father, dated October 1, 1867, and recorded February 22, 1894, conveying the property in dispute to herself and her husband. She testified, in substance, as follows: The land was her share in the estate of her father; she was a minor when the deed was made, and did not know what effect putting the name of her husband in the deed would have; he never paid anything for the land, and disclaimed having any interest in it. The deed has been in her possession ever since it was made. She supposed her husband returned the property for taxation, but he was not authorized by her to return it in his own name, and she did not know he had done so. She and her husband lived on the land about six years ago, and she has been

living on it since; they were not living on it when the levy was made, nor when the judgment was rendered.

It was shown by the tax digests that the defendant in execution had returned the property for taxation from 1887 to 1892, inclusive. It did not appear when the claimant's father died, nor are the contents of the administrator's deed to herself and her husband set forth in the brief of evidence. The record shows nothing as to the nature of that deed, further than as above stated. Upon these facts, the jury found the land not subject, and the court overruled a motion for a new trial based on the general grounds that the verdict was contrary to law, to the evidence, and the charge of the court.

Under the evidence, at least one undivided half-interest in the land was subject to the plaintiff's execution. It seems clear that the effect of the administrator's deed was to invest the husband and wife each with an undivided half-interest in the land thereby conveyed. If the claimant's father died after the passage of the act of December 13, 1886, known as "the woman's law," her share in his estate came to her free from the marital rights of her husband. If her father died before that date, her husband, by virtue of his marital rights, was entitled to take her share in the real estate and hold it as his own. If he had such right and accepted a deed from the administrator of the father, conveying to him only an undivided half-interest in the land, this conduct on his part would amount to an assertion of his marital rights as to that half, and a relinquishment to his wife of the other half of the land. In the absence of any testimony as to the date of her father's death, and there being no explanation as to why the administrator came to make the deed to the husband and wife jointly, her parol evidence is entirely insufficient to overcome the plain legal effect of the deed, especially as she kept it in her own possession more than twenty-five years

without making any effort to have it reformed, and, as she herself testified, allowed her husband to return the property for taxation for a series of years, not only neglecting to see that it was returned in her own name, but failing to discover that her husband had uniformly returned the property in his own name.

As the case appears in the record now before us, the deed should have been treated by the court and jury as the controlling evidence upon the question of title. We leave for future determination the questions which may arise in the event it should be shown that the claimant's father died after the passage of the "woman's law."

*Judgment reversed.*